PJG Consent SSA (Rev 09/11/20)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Brenda Grampus McKnight, ) | C/A No. 0:19-2434-PJG |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER ON PLAINTIFF'S APPEAL** |
| v. ) | **FROM THE SOCIAL SECURITY** |
| ) | **ADMINISTRATION'S DENIAL OF** |
| Andrew Saul, Commissioner of the Social ) | **SOCIAL SECURITY BENEFITS** |
| Security Administration, ) | |
| ) | ☒ Affirmed |
| Defendant. ) | ☐ Reversed and Remanded |
| ) | |

    This social security matter is before the court pursuant to Local Civil Rule 83.VII.02 (D.S.C.) and 28 U.S.C. § 636(c) for final adjudication, with the consent of the parties, of the plaintiff's petition for judicial review. The plaintiff brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying the plaintiff's claims for social security benefits.

**Part I—Plaintiff seeks:**

☒    Supplemental Security Income ("SSI")

       Application date: <u>January 22, 2014</u>    Plaintiff's age at filing: <u>52</u>

☐    Disability Insurance Benefits ("DIB")

       Date last insured: _____

☐    Other: _____

**Plaintiff's Year of Birth:** <u>1961</u>

**Plaintiff's alleged onset date:** <u>April 1, 2011</u>

**Part II—Social Security Disability Generally**

    Under 42 U.S.C. § 423(d)(1)(A), (d)(5), and/or 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a) and/or § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider five issues in sequence, as outlined below. 20 C.F.R. § 404.1502(a)(4) and/or § 416.920(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

    A claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A) and/or § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715

0:19-cv-02434-PJG     Date Filed 09/14/20    Entry Number 30     Page 2 of 5

PJG Consent SSA (Rev  09/11/20)
_____

F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

## Part III—Administrative Proceedings

Date of ALJ Decision:  October 24, 2018

Upon remand by the Appeals Council for further consideration, in applying the requisite five-step sequential process, the ALJ found:

| | | |
|---|---|---|
| Step 1: | | Plaintiff was engaged in substantial gainful activity during the relevant time period: ☐ Yes  ☒ No |
| Step 2: | | ☒ Plaintiff has the following severe impairments: lumbar degenerative disc disease |
| | | ☐ Plaintiff does not have a severe impairment. |
| Step 3: | | ☒ Plaintiff's impairment(s) does/do not meet or medically equal a Listing.  20 C.F.R. Part 404, Subpart P, Appendix 1. |
| Step 4: | | Plaintiff's Residual Functional Capacity is as follows: to perform medium work as defined in 20 CFR 416.967(c) except that she is limited to frequent sitting, standing, and walking.  She can frequently climb ramps and stairs, but only occasionally climb ladders, ropes, or scaffolds.  The claimant can frequently stoop, kneel, crouch, and crawl. |
| Step 5: | | ☒ Plaintiff could return to his/her past relevant work. |
| | | ☐  Plaintiff could not return to his/her past relevant work, but using the Medical-Vocational Guidelines ("Grids") as a framework supports a finding that Plaintiff is not disabled.  20 C.F.R. Pt. 404, Subpt. P, App'x 2. |
| | | Alternatively, holding ☒ Plaintiff could not return to his/her past relevant work but there are jobs in the national economy that Plaintiff can perform, as follows: a laundry worker (medium exertional level, unskilled, SVP 2, DOT # 36l.684-014, with approximately 210,700 jobs in the national economy); a kitchen helper (medium exertional level, unskilled, SVP 2, DOT # 318.687-010,with approximately 508,500 jobs in the national economy): and a hand packer (medium exertional level, unskilled, SVP 2, DOT # 920.587-018, with approximately 666,900 jobs in the national economy). |

Date of Appeals Council decision:  June 24, 2019

## Part IV—Standard of Review

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits.  However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Brown

v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017); Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589; see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." Biestek, 139 S. Ct. at 1154 (citation omitted). In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Craig, 76 F.3d at 589; see also Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

**Part V—Issues for Judicial Review**

I.   The ALJ failed to consider all of the Plaintiff's impairments in the evaluation of her residual functional capacity.

II.  The ALJ failed to properly assess medical source opinion evidence.

**Oral Argument**

☒ Held on September 3, 2020.

☐ Oral argument not necessary for disposition

**Summary of Reasons**

Issue 1: Plaintiff argues that the ALJ failed to properly consider Plaintiff's diabetes and peripheral neuropathy as well as Plaintiff's cervical disc disease at Step Two and in subsequent steps of the sequential process. Upon careful consideration of the parties' arguments, the court affirms the ALJ's decision on this issue pursuant to the following authorities/reasons:

- Carpenter v. Astrue, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); Washington v. Astrue, 698 F. Supp. 2d 562, 580 (D.S.C. 2010) (adopting Report and Recommendation that included a collection of cases and finding "no reversible error where the ALJ does not find an impairment severe at step two provided that he or she considers that impairment in subsequent steps").

- The ALJ's decision reflects careful consideration of these impairments throughout the decision, and in fact, discussed McKnight's diabetes and cervical impairments in formulating McKnight's residual functional capacity. Plaintiff has failed to demonstrate that the ALJ's evaluation of these impairments warrants greater limitations or is unsupported by substantial evidence. (See Tr. 22-23) (summarizing McKnight's medical records including specific records addressing her neck pain, but concluding that "[e]xaminations of the claimant's neck and shoulders rarely revealed limitations and were generally normal, which is inconsistent with the inclusion of the restriction on overhead

reaching"); Craig, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence); Blalock, 483 F.2d at 775 (indicating that even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence).

**Issue 2:  State agency record reviewers.  The court concludes that the ALJ applied the requisite factors and gave sound reasons for discounting the state agency reviewer opinions that are supported by substantial evidence, based on the following authorities/reasons:**

- 20 C.F.R. § 416.913a(b)(1) ("Administrative law judges are not required to adopt any prior administrative medical findings, but they must consider this evidence according to §§ 416.920b, 416.920c, 416.927 as appropriate, because our Federal or State agency medical or psychological consultants are highly qualified and experts in Social Security disability evaluation."); 20 C.F.R. § 416.927(c) (detailing the factors for weighing medical opinion evidence).

- Both state agency physical record reviewers opined that Plaintiff was limited to light work with additional limitations.  In the first decision, the ALJ accorded them partial weight without explanation; therefore, the Appeals Council remanded this matter back to the ALJ for further explanation.  On remand, the ALJ offered the following explanations for discounting these opinions, (Tr. 23-24):
  (1) the postural restrictions opined by the state agency reviewers were inconsistent with the minimal clinical findings on physical examinations in the record.  This finding is supported by the following substantial evidence:  (See, e.g., Tr. 571-72 (demonstrating normal range of motion despite complaints of neck pain); Tr. 481-82 (demonstrating full, 5/5 strength in both upper extremities , no loss of sensation, normal reflexes, normal ambulation, and no atrophy); Tr. 453, 456-57, 557, 560, 569-70, 577-79, 582) (indicating normal gait and no neurological deficits)).
  (2) the limitation to light work by the agency reviewers is inconsistent with objective findings indicating only mild degenerative disc disease with moderate caudal facet hypertrophy and many visits indicate a diagnosis of sciatica.  This finding is supported by the following substantial evidence:  (See, e.g., Tr. 477.)
  (3) the more recent medical records focus on the plaintiff's diabetes treatment with little mention of any ongoing back pain, which was being controlled with conservative medical treatment.  This finding is supported by the following substantial evidence:  (See, e.g., Tr. 555-82.)

- Thus, contrary to Plaintiff's argument that the ALJ failed to discuss her cervical spine problems, the court finds that the ALJ applied the requisite factors and gave fairly detailed and sound reasons for discounting this opinion evidence.  Plaintiff has failed to demonstrate that the ALJ's evaluation of these opinions is unsupported by substantial evidence.

0:19-cv-02434-PJG     Date Filed 09/14/20     Entry Number 30     Page 5 of 5

PJG Consent SSA (Rev  09/11/20)
_____

**Issue 3: Subjective Complaints.** The court concludes that the ALJ applied the requisite factors and gave sound reasons for discounting the Plaintiff's subjective complaints that are supported by substantial evidence, based on the following authorities/reasons:

- Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996) (detailing to two-step process for evaluating subjective complaints); 20 C.F.R. § 416.929(c)(3) (listing the factors to considering in evaluating subjective complaints); SSR 16-3p, 2017 WL 5180304, at *10 (proving the ALJ's decision "must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms.").

- Plaintiff asserts that the ALJ erred in failing to consider selective evidence regarding her ambulation, sensation in her legs, and diabetes, as well as failed to properly consider her cervical disc disease and activities of daily living. However, careful review of the ALJ's decision as a whole and the record reveals that the ALJ specifically considered Plaintiff's subjective reports and testimony. Further, she applied the requisite factors and offered specific reasons and support for discounting her allegations of disabling limitations. (Tr. 20-23.) Accordingly, the court similarly finds that Plaintiff has failed to demonstrate that the ALJ's evaluation of her subjective complaints was unsupported by substantial evidence or controlled by an error of law.

## ORDER

☒ **Affirmed for the reasons stated on the record. Plaintiff has failed to show that the Commissioner's decision was unsupported by substantial evidence or controlled by an error of law.**

☐ **Reversed and remanded pursuant to ☐ Sentence Four ☐ Sentence Six of 42 U.S.C. § 405(g) with the following instructions:**

☐ **Reversed and remanded for an award of benefits.**

**IT IS SO ORDERED.**

September 14, 2020                    Paige J. Gossett
Columbia, South Carolina              UNITED STATES MAGISTRATE JUDGE